J-S17009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESUS GUILLERIMO RIVERA | |
| Appellant | No. 1310 MDA 2020 |

Appeal from the PCRA Order entered September 22, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002176-2013

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:             **FILED AUGUST 06, 2021**

Appellant, Jesus Guillerimo Rivera[1], appeals *pro se* from the September 22, 2020 order entered in the Court of Common Pleas of Berks County, denying as untimely his second petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

The PCRA court provided the following procedural history.

On February 17, 2015, [Appellant] entered an open guilty plea to one count each of criminal conspiracy to commit murder of the third degree, aggravated assault, riot, and simple assault before the Honorable (now President Judge) Thomas G. Parisi.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The record reflects different spellings of Appellant's middle name. For purposes of this appeal, we have elected to use the spelling found on, among other documents, his notice of appeal.

> [Appellant] was sentenced the same day to an aggregate term of incarceration of seventeen to forty years in a state correctional facility, followed by five years of probation.
>
> [Appellant], through plea counsel, filed post-sentence motions on February 26, 2015, seeking to withdraw [Appellant's] guilty plea and modification of his sentence. The court denied [Appellant's] post-sentence motions on April 1, 2015. [Appellant] filed a notice of appeal on April 23, 2015. The Superior Court affirmed [Appellant's] judgment of sentence in a memorandum opinion dated February 1, 2016.
>
> [Appellant] filed his first *pro se* petition pursuant to the PCRA on March 15, 2017. The PCRA court appointed [PCRA counsel] on March 21, 2017. On September 8, 2017, PCRA counsel filed a "No-Merit" **Turner-Finley** letter and a petition to withdraw as counsel. In her letter, PCRA counsel summarized [Appellant's arguments of ineffectiveness for failing to investigate his case, failing to provide discovery, failing to explain the guilty plea, and forcing Appellant—who was not well-educated and spoke little English—to enter an unknowing plea]. PCRA counsel's review of the record found that that petition was untimely. Specifically, the Superior Court affirmed the judgment of sentence on February 1, 2016 and [Appellant] had thirty days from that date within which to seek allocatur with the Pennsylvania Supreme Court. [Appellant] did not seek allocatur and therefore, his sentence became final on March 2, 2016. Because, as PCRA Counsel observed, [Appellant] filed his petition on March 15, 2017, the petition was untimely. Moreover, [Appellant] did not assert any of the statutory exceptions to the filing time requirements pursuant to 42 Pa.C.S.A. § 9545(b)(1).

Rule 907 Notice of Intention to Dismiss, 8/28/20, at 1-2 (footnotes and some capitalization omitted).

The PCRA court explained that it performed an independent review of the record, filed its Rule 907 notice of intent to dismiss Appellant's initial petition, and granted counsel's request to withdraw. Appellant did not file a

response to the Rule and the court dismissed the petition on March 1, 2018. *Id.* at 2-3.

Appellant filed a timely notice of appeal to this Court and both he and the PCRA court complied Pa.R.A.P. 1925. However, we dismissed the appeal on September 26, 2018 for failure to file a brief. Appellant did not seek further review. *Id.* at 3.

Appellant filed the instant petition, his second, which was dated May 27, 2020 but not docketed until June 24, 2020. In his petition, Appellant sought *nunc pro tunc* reinstatement of his appeal rights and appointment of counsel. He argued that his first petition, filed on March 15, 2017, was timely and that he was entitled to review of its merits. He claimed he had until May 2, 2017 to file that first petition and, therefore, the PCRA court erred by dismissing it as untimely. *Id.*

On August 28, 2020, the PCRA court issued a Rule 907 notice of intent to dismiss. Appellant did not file a response within 20 days and the court dismissed the petition by order of September 22, 2020. However, on September 30, the court received a response to the Rule 907 notice dated September 9, 2020. Despite the entry of the September 22, 2020 order, the court reviewed Appellant's response and determined Appellant failed to assert any basis for relief or any error upon which the court might amend its September 22, 2020 ruling. Therefore, the court issued an order on October 5, 2020, dismissing the petition for the reasons set forth in the August 28,

- 3 -

2020 Rule 907 notice.  In essence, the court denied reconsideration of its earlier order.  However, in the interim, Appellant filed a notice of appeal from that September 22, 2020 order.  On his docketing statement, Appellant indicates he is appealing the October 5, 2020 order.  While it appears no separate notice of appeal was filed, it is clear Appellant clearly filed a timely appeal from a final order entered September 22, 2020.  Therefore, we consider Appellant's appeal as an appeal from September 22, 2020 order.

Appellant identifies five issues in his brief filed with this Court.[2]  Two of those five are based on PCRA counsel's statement in her No-Merit letter that the PCRA court lacked jurisdiction of Appellant's untimely-filed PCRA petition. Appellant's Brief at 4, Issues I and III.  Because this Court's jurisdiction over the merits of Appellant's issues is contingent upon the timeliness of the petition, we first consider whether we have jurisdiction to consider his issues.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  "If a PCRA petition is untimely, neither this Court nor the trial

---

[2] We note that the PCRA court did not order the filing of a Rule 1925(b) statement.

- 4 -

court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (citation and alteration omitted).

As reflected above, Appellant entered a guilty plea on February 17, 2015, and was sentenced the same day. This Court affirmed his judgment of sentence on February 1, 2016. Appellant did not seek allowance of appeal to our Supreme Court. Therefore, his judgment of sentence was final 30 days later, on March 2, 2016, and he had until March 2, 2017, to file a PCRA petition.

The instant petition, dated May 27, 2020, was docketed on June 24, 2020. The petition is untimely on its face. Appellant did not plead or prove any exception to the PCRA's timeliness requirements. Therefore, neither the PCRA court nor this Court "has legal authority to address the substantive claims." **Reid**, 235 A.3d at 1143.

Although we have no jurisdiction over the substantive claims, we write further to explain to Appellant why the PCRA court properly determined it lacked jurisdiction over the substantive issues raised in his first PCRA petition.

In Appellant's first petition, filed on March 15, 2017, Appellant did not assert any exception to the PCRA's time limitations. Consequently, appointed counsel acknowledged, and the PCRA court agreed, that the petition was untimely. Therefore, the PCRA court granted counsel's petition to withdraw

and, ultimately, dismissed the petition as untimely. An appeal from that determination was dismissed for Appellant's failure to file a brief.

In his appeal from dismissal of his second PCRA petition, which was facially untimely, Appellant contends the issues raised in his first petition should be reviewed because, he believes, the first petition was timely filed. He asserts that petition was improperly dismissed because PCRA counsel did not correctly calculate the time for filing a timely petition. He contends counsel erroneously failed to include a 90-day period provided by 42 Pa.C.S.A § 9545(b) for seeking discretionary review before judgment would become final. While Appellant recognizes that a PCRA petition is to be filed within one year of the date the judgment becomes final, in accordance with Section 9545(b)(1), Appellant misconstrues or misunderstands when a judgment becomes final. As set forth in Section 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or **at the expiration of time for seeking the review**." 42 Pa.C.S.A. § 9545(b)(3) (emphasis added).

Again, Appellant's judgment of sentence was affirmed by this Court on February 1, 2016. In accordance with Pennsylvania Rule of Appellate Procedure 1113(a), if Appellant wanted the Pennsylvania Supreme Court to review this Court's affirmance, he had thirty days from February 1, 2016 to file a petition for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so.

Consequently, his judgment was final on March 2, 2016, at the expiration of that thirty-day time for seeking review, triggering the one-year period for filing a petition in accordance with 42 Pa.C.S.A. § 9545(b)(3).

Appellant mistakenly asserts his judgment of sentence was not final until 90 days after this Court affirmed his judgment of sentence. Had Appellant petitioned our Supreme Court for allowance of appeal, and had that petition been denied, he would have had 90 days to seek discretionary review under United States Supreme Court Rule 13.[3] However, he did not seek discretionary review with the Pennsylvania Supreme Court. There is simply no 90-day period at play in this case because Appellant did not pursue review beyond this Court's February 1, 2016 affirmance of his judgment of sentence. PCRA counsel did not miscalculate the deadline for filing a timely first petition. That March 2, 2017 deadline was not hers to calculate, rather it was a deadline determined by the provisions of Section 9545(b).

Appellant's second PCRA petition was untimely filed and was not saved from the PCRA's time bar by any exception its timeliness requirements.

---

[3] Rule 13 provides, in relevant part, that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review. U.S.Sup.Ct.R. 13.1.

Therefore, we have no jurisdiction to consider the merits, if any, of Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/06/2021